IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFERY EARLE LASSITER, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. CIV-23-00621-JD ) |
| CITY OF OKLAHOMA CITY, a political subdivision of the State of Oklahoma; and OKLAHOMA CITY POLICE DEPARTMENT, a subdivision of the City of Oklahoma City, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Response to the Court's Order to Show Cause ("Response") [Doc. No. 4]. As discussed below, the Court extends the deadline for Plaintiff to serve Defendants City of Oklahoma City and Oklahoma City Police Department ("Defendants") to sixty (60) days from today.

Plaintiff Jeffery Earle Lassiter ("Plaintiff") failed to serve the Defendants City of Oklahoma City and Oklahoma City Police Department within ninety days of filing his complaint as required by Federal Rule of Civil Procedure 4(m), and the Court ordered Plaintiff to show cause why he had not timely served Defendants. [Doc. No. 3]. Plaintiff timely responded stating he had been unable to participate in these proceedings due to medical issues. [Doc. No. 4].

District courts in the Tenth Circuit "employ a two-step analysis for dismissal pursuant to Rule 4(m)." *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir.


2003) (unpublished). First, if the plaintiff shows good cause for the failure to timely serve a defendant, the Court must extend the deadline for an "appropriate period." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (citing Fed. R. Civ. P. 4(m)).

Second, "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id*. In making this determination, the Court considers several factors, such as whether "the applicable statute of limitations would bar the refiled action;" the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Id.* at 842 & n.8 (citation and internal quotation marks omitted).

Without opining on whether the response shows good cause for a mandatory extension, *cf. Espinoza*, 52 F.3d at 841 (citing cases where no good cause shown), the Court finds that this case fits the criteria for a permissive extension. *See id.* at 842. Accordingly, the Court finds that a permissive extension of sixty (60) days from today is appropriate.

IT IS THEREFORE ORDERED that Plaintiff's deadline to serve Defendants is **EXTENDED** to **sixty (60) days** from the entry of this Order. By **January 19, 2024**, Plaintiff must file a written proof of service or executed waiver of service in conformance with Rule 4. Failure to comply with this Order and with the requirements of Rule 4 may result in the complaint being dismissed without prejudice, without further show-cause orders from the Court.

IT IS SO ORDERED this 20th day of November 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE